IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 10-40011-GPM |
| | ) |
| | ) |
| LARRY LEE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

     Mr. Lee moved for a sentence reduction, and a second motion for reduction was filed on Mr. Lee's behalf by the Office of the Federal Public Defender pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010, and in light of *Dorsey v. United States,* 132 S.Ct. 2321 (2012) (Docs. 40, 43). When he was sentenced, the Court adopted the findings of the presentence investigation report, which found, conservatively, that Mr. Lee's relevant conduct totaled 632.2 grams of crack cocaine (Doc. 34). The Court found a base offense level of 34, a total offense level of 33 and a criminal history category of V, with a resulting guideline range of 240 to 262 months (Doc. 117). Mr. Lee was sentenced to 240 months imprisonment. The sentence Mr. Lee received however, was based on the statutory mandatory minimum (Doc. 39). Six hundred thirty-two grams of crack cocaine under the retroactive guideline changes does yield a lower guideline range—Mr. Lee's base offense level now would be 32. § U.S.S.G. 2D1.1. However, his mandatory statutory range has not. Six hundred thirty-two grams of crack well exceeds the

280 grams which sets the statutory minimum penalty of 10 years.  21 U.S.C. 841(b)(1)(A)(iii). Defendant is not eligible for reduction of his sentence.  *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009) ("Nothing in § 3582(c) permits a court to reduce a sentence below the mandatory minimum").  Defendant's motion is **DENIED.**

    **IT IS SO ORDERED.**

    DATED:   October 9, 2013

                                      s/ *G. Patrick Murphy*
                                      G. PATRICK MURPHY
                                      United States District Judge